**Deborah ADAMS, Plaintiff–Appellant,**

**v.**

**Otis R. BOWEN, M.D., Secretary, Department of Health and Human Services, Defendant–Appellee.**

**No. 87–1449**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1987.

510

Margaret Kay Fulgham, Fort Worth, Tex., for plaintiff-appellant.

Marvin Collins, U.S. Atty., Fort Worth, Tex., John M. Gough, Office of Gen. Counsel, Dallas, Tex., for defendant-appellee.

Before GEE, GARWOOD, and JONES, Circuit Judges:

EDITH H. JONES, Circuit Judge:

Deborah Adams applied for social security disability benefits on June 25, 1985, claiming that she had been disabled due to back and leg pain since May of 1982 when she suffered a back injury. Her initial claim was denied, as was her request for reconsideration. Adams requested a hearing and on January 14, 1986, an administrative law judge heard the claim and found that appellant was not entitled to benefits. On March 21, 1986, the Appeals Council affirmed.

Efforts to reverse this unfavorable decision in the district court failed, and this appeal followed.

On May 19, 1982, appellant injured herself lifting a mail bag. She was admitted to a hospital, and after undergoing tests,

was diagnosed with lumbosacral strain with no evidence of nerve compression, and released with instructions to return to work when possible.

In April 1983, Adams was diagnosed by an orthopedic surgeon as having nerve root radiculopathy, an incapacitating back condition which was treated at that time with pain medication. A year later, Adams underwent chemonucleolysis for this condition, the diagnosis for which was then confirmed by CT and EMG studies conducted by Dr. Robertson, another surgeon. Adams responded well to this treatment, which, along with drug therapy, alleviated her pain significantly and resulted in a dramatic improvement in her range of motion and muscle strength. When Adams filed for social security benefits on June 20, 1985, she was referred to Dr. Chunduri, a neurologist, for a consultative evaluation. Dr. Chunduri's examination revealed that while Adams still suffered some movement limitations, she had no objective weakness in any of the muscle groups in her extremities and experienced only minimal spasms in her back muscles.

Both Dr. Robertson and Dr. Chunduri answered interrogatories regarding Adams's residual functional capacity. These interrogatories indicated that Adams could sit for four to six hours a day, walk and stand for four hours a day, lift and carry up to 20 pounds on occasion, grasp, pull, or push repetitively with her hands, perform fine manipulation skills, and bend, squat, crawl, climb and reach occasionally. At the hearing before the administrative law judge, Adams testified that she can wash dishes, swim, drive occasionally, shop, clean house, walk a couple of blocks at a time, and attend church.

A reviewing court must affirm the denial of social security benefits if substantial evidence exists in the record to support the Secretary's decision. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427.

■ We find substantial evidence supporting the Secretary's position that appellant is physically disabled, but not to the degree necessary to entitle her to benefits under the Social Security Act. In order to establish such entitlement, appellant must demonstrate that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …" 42 U.S.C. § 423(d)(1)(A). A spinal disorder constitutes a specific medical impairment within the meaning of the regulations if a claimant demonstrates pain, muscle spasm, significant limitation of motion in the spine, significant motor loss with muscle weakness and sensory and reflex loss for three months that is expected to last 12 months. See 20 C.F.R. part 404, Sub Pt. P., App. 1, § 1.05C. (1984). The record indicates that Adams has suffered from varying degrees of muscle spasm, pain, and limitations on her range of motion since she incurred her injury in 1982. However, it is also apparent that the severity and duration of these symptoms were insufficient to raise claimant's condition to the level of a specific medical impairment as defined in the Social Security Act.

Alternatively, the medical records and documentary evidence presented to the administrative law judge furnished substantial evidence to support his conclusion that the medication and chemonucleolysis treatment produced a marked decrease in claimant's muscle spasms and an increase in her mobility. Consequently, despite her impairment, the ALJ found she could engage in her past employment as a receptionist or secretary, positions which are sedentary in nature and do not involve physical exertion beyond that of which she is capable. 20 C.F.R. § 201.00, Subpart P, App. 2. The ALJ did not find, as claimant asserts, that being able to sit four hours a day satisfies the test for sedentary work. He relied,

rather on Dr. Robertson's conclusions that she could engage in a wide variety of sedentary activities.

Claimant further asserts that her pain alone prevents her from performing any substantial gainful activity and therefore may serve as the basis for establishing disability. While pain, by itself, may be enough to justify an award of disability benefits, see, e.g., *Olson v. Schweiker*, 663 F.2d 593 (5th Cir.1981); *Ware v. Schweiker*, 651 F.2d 408 (5th Cir.1981), cert. denied, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982), the 1984 Amendments provide unambiguously that subjective complaints of pain must be substantiated by objective medical evidence showing the existence of a physical or mental impairment which could reasonably be expected to cause the pain. See Pub.L. No. 98–460, 98 Stat. 1794 (1984). The absence in the record of objective factors indicating the existence of severe pain, such as persistent significant limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition justifies the conclusions of the administrative law judge. The record indicates that appellant responded to medication given for pain and that the Chymopapain injection alleviated her pain significantly. While certain range of motion studies revealed some degree of debilitation, and it is undisputed that appellant was suffering at times from muscle weakness, both of which would normally be expected to substantiate her complaints of pain, a collective analysis of claimant's diagnostic test results demonstrates that the ALJ had substantial evidence to find these symptoms were not present continuously for a twelve month period.

We reject appellant's argument that the opinions of her treating physician are as a matter of law entitled to greater weight in the deliberations of the ALJ than those of the consulting physicians. See *Bradley v. Bowen*, 809 F.2d 1054 (5th Cir. 1987).

Appellant's final point suggests the ALJ erred in acknowledging her significant impairment while failing to find it "severe." This case did not depend upon a conclusion of the "non-severity" of her condition, however, for the ALJ went on to find, pursuant to the fourth step of the sequential evaluation analysis, that appellant's impairment did not disable her from performing her past sedentary work. There is no ground to remand this case.

The decision of the district court is AFFIRMED.

GARWOOD, J., dissenting.

GARWOOD, Circuit Judge, dissenting:

I respectfully dissent.* The Secretary concedes that appellant suffers and has suffered from "severe musculoskeletal impairment and related symptomatology," and has had "positive documentation for a herniated disc." It is also obvious, and not really disputed, that this condition produces rather severe pain, and that appellant has not worked since May 1982. Of course, the question is whether these conditions are or were totally disabling. Relying on the 1985 reports of doctors Robertson and Chunduri, the ALJ concluded that appellant's disability was not so severe as to prevent her from performing "her past sedentary work as a receptionist and secretary." I do not dispute that this evidence, or at least the reports of Dr. Chunduri, provides some support for the ALJ's conclusion respecting appellant's condition at the hearing. However, if appellant can now perform her past work, it seems obvious that she can at best barely do so. Dr. Robertson's 1985 report concluded that she could not sit more than four hours in an eight-hour day, nor more than two hours at a time. It seems obvious that if one with these limitations can perform as a secretary or receptionist, they can only barely do so. Dr. Chunduri, in his 1985 report, was a little more optimistic, saying that appellant could sit as much as six hours out

---

* Since neither party in this case requests oral argument, and since the panel is unanimously of the opinion that oral argument is not appropriate, the filing of a dissenting opinion is consistent with the disposition of this case on the summary calendar under the Court's internal operating procedures.

of an eight-hour day. But here again, it is obvious that if appellant is able to do her prior work, she is just barely able to do so.

The Secretary recognizes that a "significant medical improvement" in appellant's condition occurred after her November 1984 Chymopapain injection. This is likewise recognized in the majority opinion. With respect to periods of time prior to this injection, the only explicit disability evaluations are those of Dr. Alameda in April and July 1983, in which he opined that appellant was definitely unable to work. The Secretary argues that the ALJ "rejected" Dr. Alameda's opinions. But this does not appear to be the case. Rather, the ALJ's opinion states:

> "The Administrative Law Judge has considered the restrictions noted by Dr. Alameda in April and July 1983, but concludes that these restrictions did not render the claimant disable[d] for 12 continuous months as required by the Social Security Act, as amended. Accordingly, while temporarily disabling, the undersigned Administrative Law Judge concludes that the claimant's impairment has not rendered the claimant disabled for 12 continuous months...."

This indicates that the ALJ found that appellant was disabled when examined by Dr. Alameda, and did not reject Dr. Alameda's opinions. What the ALJ concluded was that the disability found by Dr. Alameda did not last for twelve consecutive months. But there is absolutely nothing in the record to support that finding, and it is contrary to appellant's testimony and to the fact that appellant was found to have a herniated disc in October 1984, coupled with the other findings of Dr. Robertson (and other doctors) concerning her condition at and before that time. Thereafter, she *significantly* improved, as a result of the November 1984 injection, but even this significant improvement barely took her over the threshold of being able to do her prior work. Accordingly, even though there is substantial evidence that since sometime in 1985 appellant has been able to do her prior work, substantial evidence does not support the conclusion that she was able to do so during the twelve months

and more commencing in April 1983. For these reasons, I would reverse the judgment below and remand for further proceedings consistent herewith.