United States Court of Appeals,

Fifth Circuit.

No. 93-1961.

Classie SCOTT, Plaintiff-Appellant,

v.

Donna SHALALA, Secretary of Health & Human Services, Defendant-Appellee.

Aug. 25, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Classie Scott appeals the district court's decision affirming the Secretary's denial of her application for disability benefits under 42 U.S.C. § 423. We reverse and remand.

BACKGROUND

Scott, born in 1945, has a high school education and training in clerk typing. She worked as an inspector on an assembly line. On October 20, 1986, Scott sustained an on-the-job injury to her back and leg. She was diagnosed with a bulging lumbosacral disc.

Scott changed job positions at her company, but reinjured her back in February 1988. After a three-month absence, she returned to her job and worked until February 17, 1989, the onset date of her alleged disability.

In June 1990 Scott filed for Title II disability insurance benefits and Title XVI supplemental security income benefits. The applications were denied initially and on reconsideration. A

1

hearing was held before an administrative law judge (ALJ) who found that Scott had the residual functional capacity to perform sedentary work, and thus was not disabled. Scott's request for review by the Appeals Council was denied, and the ALJ's determination became the Secretary's final decision. In the district court, the magistrate judge recommended granting the Secretary's motion for summary judgment, and over Scott's objections, the district judge adopted the magistrate judge's recommendation. Scott appeals.

## DISCUSSION

On review, we determine whether the record as a whole contains substantial evidence supporting the ALJ's findings, and whether the ALJ followed the proper legal standards. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir.1990). Scott's only issue with merit is whether the ALJ erred in relying upon the medical-vocational guidelines (the guidelines) without considering vocational expert testimony. The ALJ relied upon the guidelines to determine that the regulations directed a conclusion of no disability. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, tbl. 1.

The ALJ found that Scott could not perform past relevant work, but had the residual functional capacity to perform sedentary work with certain limitations.[1] Specifically, the ALJ found that Scott

_____

[1]In evaluating a disability claim, the Secretary must determine sequentially whether: (1) claimant is not presently working; (2) claimant's ability to work is significantly limited by a physical or mental impairment; (3) claimant's impairment meets or equals an impairment listed in the appendix of the regulations; (4) impairment prevents claimant from doing past relevant work; and (5) claimant cannot presently perform

must have the option to sit or stand, as needed; cannot do repetitive twisting, bending, stooping, or any kneeling or crawling; and must use good back mechanics and be able to use a TENS unit or roll pillow as needed. To provide adjudicative guidance when a claimant's limitations do not meet a defined exertional capacity, the Secretary issued a "Program Policy Statement." In SSR 83-12, the Secretary stated:

> In some disability claims, the medical facts lead to an assessment of [residual functional capacity] which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing.... Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work ... or the prolonged standing or walking contemplated for most light work.

Because Scott must alternate between sitting and standing as needed, Scott's exertional capabilities do not fit within the definition of sedentary work. *See Wages v. Secretary of Health & Human Servs.,* 755 F.2d 495 (6th Cir.1985) (holding that substantial evidence is lacking to support the finding that the claimant can perform sedentary work when a sit/stand option has been added to a claimant's exertional restrictions).

We have held that the Secretary may rely on the medical-vocational guidelines to establish that work exists for a claimant only if the guidelines' "evidentiary underpinnings coincide exactly with the evidence of disability appearing on the record." *Lawler v. Heckler,* 761 F.2d 195, 197 (5th Cir.1985) (internal quotations omitted). SSR 83-12 further states:

relevant work. 20 C.F.R. § 404.1520(b)-(f); *Selders,* 914 F.2d at 618. The ALJ found that Scott was not disabled at step five.

3

> [M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [vocational expert] should be consulted to clarify the implications for the occupational base.

Thus, the ALJ erred in applying the guidelines in this case. *See Gallant v. Heckler,* 753 F.2d 1450, 1457 (9th Cir.1984) (guidelines were improperly applied when claimant's back pain necessitated that he alternate periods of sitting, standing and walking); *cf. Lawler,* 761 F.2d at 198 (guidelines were improperly applied when claimant asserted that she could not sit or stand for prolonged periods of time).

The ALJ misapplied the guidelines in another respect. Although the ALJ rejected Scott's allegation of disabling pain,[2] he acknowledged that Scott's complaint has a basis in the record and that Scott might have slight, occasional breaks in concentration or attention due to pain. Pain may constitute a nonexertional factor that can limit the range of jobs a claimant can perform. *Carter v. Heckler,* 712 F.2d 137, 142 (5th Cir.1983). In such cases, the ALJ must rely on expert vocational testimony to establish that jobs exist. *See Fraga v. Bowen,* 810 F.2d 1296, 1304 (5th Cir.1987).

The ALJ did correctly avail himself of the testimony of a vocational expert. We cannot conclude, however, that the ALJ

---

[2]The ALJ's finding that Scott's pain was not debilitating is supported by substantial evidence. The ALJ rejected Scott's subjective complaints of constant pain, and we defer to that credibility determination. *See Wren v. Sullivan,* 925 F.2d 123, 128 (5th Cir.1991). The objective evidence does not support Scott's complaint of constant pain.

properly considered the vocational expert's testimony given only the ALJ's vague and confusing reference to that testimony in his findings.[3]    Accordingly, we reverse and remand for proper consideration of the vocational expert's testimony.  *See SEC v. Chenery Corp.,* 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943).

REVERSED and REMANDED.

---

[3]The ALJ discusses the vocational expert's testimony, but with respect to past relevant work.  Other than a passing reference, the ALJ does not discuss the vocational expert's testimony when determining whether Scott has residual functional capacity for sedentary work.