IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-60864
Summary Calendar

QUINTON MOORE,

Plaintiff-Appellant,

versus

JOHN J. CALLAHAN, Acting Commissioner
of Social Security,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:95-CV-150
- - - - - - - - - -
July 21, 1997

Before HIGGINBOTHAM, JONES and PARKER, Circuit Judges.

PER CURIAM:[*]

Quinton Moore appeals from the affirmance of the denial of

disability and supplemental security income (SSI) benefits by the

Commissioner of Social Security.  Moore contends that the

Administrative Law Judge (ALJ) posed an improper hypothetical

question to the vocational expert (VE); that the ALJ did not give

proper weight to the VE's testimony; that he was deprived of his

right to an individualized determination whether he was entitled

to benefits because the ALJ based his opinion on the way jobs

        [*]  Pursuant to 5TH CIR. R.  47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

traditionally are performed without regard to Moore's inability to perform them; that there is no substantial evidence in the record to support the ALJ's finding that he retained the residual functional capacity to perform light work; that the ALJ failed to consider his subjective complaints of pain or the evidence supporting those complaints; and that the ALJ's decision is contrary to the overwhelming weight of the evidence.

Moore's contention that the hypothetical question posed to the VE lacked an evidentiary basis is without merit; Moore's own testimony provided an evidentiary basis for the question. The ALJ discussed in detail the VE's response to the hypothetical question incorporating the circumstances found applicable to Moore. The ALJ gave the VE's testimony proper consideration. *See Scott v. Shalala*, 30 F.3d 33, 35 (5th Cir. 1994).

Moore offers no factual arguments regarding his contentions that he was deprived of his right to an individualized determination of his eligibility for benefits; that the ALJ's finding regarding his residual functional capacity is not supported by substantial evidence; that the ALJ failed to consider his subjective complaints of pain; and that the ALJ's decision is contrary to the overwhelming weight of the evidence. He has failed to brief those contentions for appeal. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Moore's apparent contention that an ALJ must find that a claimant has committed perjury to find his testimony not credible

is without merit.  The ALJ determines issues of weight and credibility.  *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987).

AFFIRMED.