Brunel v. SSA                    CV-97-306-M    12/03/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Wilma Brunel,
      Claimant

      v.                                    Civil No. 97-306-M

Kenneth S. Apfel, Commissioner
Social Security Administration,
      Defendant


**O R D E R**


On January 26, 1999, this court (Devine, S.J.) denied Wilma

Brunel's motion to reverse the Commissioner's denial of her

application for benefits under Title II of the Social Security

Act, but remanded the matter to the administrative law judge for

further proceedings.  On April 23, 1999, Brunel filed a timely

motion for fees and other expenses.[1]  She claims that because she

was the prevailing party and because the Commissioner's position

was not substantially justified, she is entitled to an award of

reasonable attorney's fees.  See 28 U.S.C. § 2812 (the Equal

Access to Justice Act, or "EAJA").  The Commissioner objects,

saying that his position (seeking affirmance of the ALJ's

---

[1]     "A party seeking an award of fees and other expenses
shall, within thirty days of final judgment in the action, submit
to the court an application for fees and other expenses . . .."
28 U.S.C. § 2412(d)(1)(B).  The Supreme Court has interpreted
this statutory provision to mean that an "EAJA application may be
filed until 30 days after a judgment becomes 'not appealable' –
i.e., 30 days after the time for appeal has ended." Shalala v.
Schaefer, 509 U.S. 292, 302 (1993).  Because the judgment in this
case became "not appealable" 60 days after its entry, see Fed. R.
App. P. 4(a), claimant had 90 days from the entry of judgment
within which to file her EAJA petition.

decision denying Brunel benefits) was substantially justified. And, even if the court concludes that his position was not substantially justified, the Commissioner asserts that Brunel's request for attorney's fees is excessive.

## Standard of Review

The Equal Access to Justice Act, under which Brunel seeks an award of attorney's fees, provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified</u> or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall [file a timely application]. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(A) and (B) (emphasis supplied). The language of that statute makes clear that it is unlike other fee-shifting statutes, which generally authorize an award of costs and/or attorney's fees to a "prevailing party." Instead, to recover fees under the EAJA, a party must prevail, and the court must conclude that the government's position was not

2

substantially justified.  See McDonald v. Secretary of Health and Human Services, 884 F.2d 1468, 1469-70 (1st Cir. 1989) ("Under the EAJA, . . . the government must foot the legal bills of its adversaries . . . only if the adversaries 'prevail' and if the government's position is not 'substantially justified.'") (emphasis supplied).

In opposing a party's request for fees under the EAJA, the government bears the burden of demonstrating that its position was substantially justified.  See McDonald, 884 F.2d at 1475. The Supreme Court has explained that the government meets that burden by demonstrating that its position had "a reasonable basis in law and fact" and was justified to a degree that could satisfy a reasonable person.  Pierce v. Underwood, 487 U.S. 552, 565-66 (1988).

**Background**

In concluding that the ALJ erred when he held that Brunel was not disabled, Senior Judge Devine observed:

> The error in the ALJ's findings relative to Brunel's need to alternate sitting and standing, within the context of sedentary work, is the ALJ's perception of the degree to which Brunel will be able to do so as necessary.  The ALJ states that Brunel "should be able to alternate sitting and standing within these time frames as necessary," Tr. at 13; however, the ALJ offers no evidence that Brunel's need to do so is compatible with the requirements of the sedentary occupational base.

3

Brunel v. Commissioner, No. 97-306-M, slip op. at 8 (D.N.H. 1999) (Devine, S.J.) (emphasis in original). Consequently, the court concluded that, "[t]he missing link in the ALJ's evidentiary burden is the testimony of a vocational specialist." Id.

In light of the ALJ's failure to consult a vocational specialist, Brunel claims that the Commissioner's position (in moving to affirm the ALJ's decision) was not "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). The Commissioner disagrees, relying, at least in part, upon the provisions of Social Security Ruling ("SSR") 96-9p, 1996 WL 374185 (July 2, 1996), which says:

> Alternate sitting and standing: An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand.

Id., at *7 (emphasis supplied). See also SSR 83-12, 1983 WL 31253 at *3 ("Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work."). The Commissioner claims that, because Brunel was able to sit for extended periods (up to two hours at a time, and for a total of six hours during the day), her need to "alternate sitting and standing as necessary within these time frames," Brunel v.

4

Commissioner, slip op. at 6-7 (emphasis supplied), could be accommodated by "scheduled breaks and a lunch period."  SSR 96-9p at *7.

To be sure, there are cases in which a claimant must alternate between sitting and standing (or walking) so often that he or she cannot be accommodated by scheduled breaks and a lunch period.  In those cases, "the occupational base for a full range of unskilled sedentary work will be eroded."  SSR 96-9p at *7.  The degree to which the relevant occupational base is eroded is, however, a factual question, to be resolved in the first instance by the ALJ.  In those circumstances, the SSR provides that:

> the extent of the erosion will <u>depend on the facts in the case record</u>, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. . . . <u>It may be especially useful in these situations</u> to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

<u>Id.</u> (emphasis supplied).  Consequently, when a claimant must be able to alternate between sitting and standing frequently or "as needed," courts have directed ALJ's to consult vocational resources before making a disability determination.  <u>See, e.g.</u>, <u>Scott v. Shalala</u>, 30 F.3d 33, 34 (1st Cir. 1994) ("Because [claimant] must alternate between sitting and standing <u>as needed</u>, [her] exertional capabilities do not fit within the definition of sedentary work.") (emphasis supplied).  <u>See also</u> SSR 83-13, at * 3 ("most jobs have ongoing work processes which demand that a

5

worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of <u>unusual limitation of ability to sit or stand</u>, a [vocational resource] should be consulted to clarify the implications for the occupational base.") (emphasis supplied).

As the Social Security Rulings make clear, however, the mere fact that a claimant must alternate between sitting and standing does not dictate a finding of disability, nor does it necessarily compel the ALJ to look beyond the Medical-Vocational Guidelines (also known as the "Grid") and consult a vocational resource. Instead, where a claimant's need to alternate between sitting and standing is not "unusual" or can otherwise be accommodated by scheduled breaks and lunch, the occupational base is not significantly eroded and the ALJ may rely exclusively upon the Grid in making a disability determination. <u>See</u> SSR 96-9p and SSR 83-13.

Here, the court observed that Brunel's treating physician opined that she "can sit for two hours continuously and six hours in an eight-hour day, and that she can stand in twenty-minute increments and walk in ten to fifteen-minute increments for two hours out of an eight-hour day." <u>Brunel v. Commissioner</u>, slip op. at 6 (citing Administrative Transcript at 137).

6

Nevertheless, the court implicitly found that Brunel's need to alternate between sitting and standing was not sufficiently developed to permit a determination as to whether she could be "accommodated by scheduled breaks and a lunch period." SSR 96-9p, at *7. Accordingly, the court remanded the matter so the ALJ might develop those facts and consult a vocational resource as necessary while revisiting his disability determination.

Of course, whether Brunel's need to alternate between sitting and standing at roughly two-hour intervals could be accommodated by regular breaks and lunch, or whether she presented an "unusual limitation of ability to sit or stand," SSR 83-13, is largely a judgment call. Judge Devine plainly thought, perhaps out of an abundance of caution and in fairness to Brunel, that the circumstances were such that the ALJ probably should consult a vocational resource before concluding Brunel was not disabled.

In reviewing the record presented in this proceeding, however, the court cannot conclude that the Commissioner's position was not "substantially justified." To the contrary, the record suggests that Brunel's need to alternate between sitting and standing at roughly two-hour intervals might very well be accommodated by regularly scheduled work-place breaks and lunch (thus obviating the need for the ALJ to consult a vocational resource). Unlike, for example, the claimant in Scott, supra,

7

Brunel had the ability to sit for prolonged and uninterrupted periods of time (i.e., for up to two hours, whereas Ms. Scott had to alternate between sitting and standing "as needed").

Stated somewhat differently, the record does not demonstrate that Brunel's need to alternate between sitting and standing was so "unusual" as to compel the conclusion that the Commissioner's position was anything less than substantially justified. To the contrary, the Commissioner's assertion that Brunel was not disabled because her need to alternate between sitting and standing could be readily accommodated by regular breaks in the workplace had "a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. at 565. The full range of sedentary work requires an individual to be able to stand and walk for a total of approximately two hours during an eight-hour workday. See SSR 96-9p at *6. See also 20 C.F.R. § 404.1567(a). Brunel is capable of standing/walking for a total of two hours each day. Sedentary work also requires an individual to be able to sit for approximately six hours during an eight-hour workday, in roughly two-hour blocks of time. See SSR 96-9p at *6 ("In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals."). Brunel is capable of sitting for a total of six hours each day in two hour intervals. The only issue presented by Brunel's request for fees

8

is whether her inability to sit for more than two hours at a time (and/or her inability to stand for more than 15 to 20 minutes at a time) so plainly and substantially eroded the relevant occupational base that the Commissioner's efforts to sustain the ALJ's decision (concluding, without the benefit of a vocational resource, that Brunel was not disabled) were not "substantially justified."

For the reasons set forth above, the court concludes that while the ALJ may have erred in failing to consult vocational resources, his disability determination (based solely upon an application of the Grid) was not so lacking in either a factual or legal basis as to render the Commissioner's efforts to sustain that ruling less than "substantially justified." The relevant Social Security Regulations and Social Security Rulings make clear that when a claimant's need to alternate between sitting and standing/walking is not "unusual" and can be accommodated by regularly scheduled breaks, the ALJ need not consult a vocational resource when making a disability determination. While reasonable minds might disagree as to how the ALJ should have proceeded in this matter, his decision to rely exclusively upon the Grid (and forego any reference to a vocational resource) in making his disability determination was not so plainly lacking in legal or factual support as to render the Commissioner's position less than "substantially justified."

## Conclusion

The Commissioner's position (in moving to sustain the ALJ's disability determination) had a reasonable basis in law and fact and was, therefore, "substantially justified."

As noted above, the EAJA adds an additional layer to the typical fee-shifting statute. In order to recover fees from the government, not only must a party "prevail," but the court must also conclude that the government's position was not substantially justified. Here, the record simply does not lend itself to such a finding. Accordingly, claimant's motion for an award of expenses under the EAJA (document no. 12) is denied. The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 3, 1999

cc:  Peter K. Marsh, Esq.
     David L. Broderick, Esq.

10