IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30483
Summary Calendar

_____

JOHNNIE W. NUGENT, JR.,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-1911)
--------------------
October 19, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Johnnie Nugent appeals the district court's affirmance of the Social Security Commissioner's decision to deny disability benefits. Nugent contends that the administrative law judge (ALJ) (1) incorrectly determined that Nugent suffered no significant adverse effects from taking either of his medications, Flexeril or Soma; (2) should not have relied solely on the medical-vocational grid table in 20 C.F.R. Pt. 404, Subpt. P., Appendix 2, Table 2, to determine Nugent's disability, given his pain and the nonexertional side effects from the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medication; and, (3) improperly determined that Nugent had a sixth grade education as opposed to considering Nugent illiterate for purposes of assessing his disability status.

The ALJ's determination that the record did not indicate that Nugent suffered significant adverse effects from taking his medication is supported by substantial evidence. See Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Adams v. Bowen, 833 F.2d 509, 512 (5th Cir.1987). Furthermore, Nugent does not indicate how the alleged side effects affected his residual functional capacity. The ALJ's reliance on the medical-vocational grid table was thus not error. See Scott v. Shalala, 30 F.3d 33, 34 (5th Cir. 1994); Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir. 1999). And, even if the ALJ should have considered Nugent illiterate as opposed to having a limited education, the grid table rule to which illiteracy applies for an individual of Nugent's age and functional capacity, as determined by the ALJ, indicates that a non-disabled finding is appropriate.

As the district court's affirmance of the Commissioner's decision to deny disability benefits was correct, the judgment is AFFIRMED.