United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50488
Summary Calendar

WILLIE GLENN,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-482-RP
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Willie Glenn appeals the district court's judgment for the Commissioner in his action pursuant to 42 U.S.C. § 405(g) for review of the administrative law judge's (ALJ) decision denying him disability benefits. Glenn argues that the ALJ failed to correctly address whether he had impairments that imposed more than a slight limitation on his ability to perform work related activities for 12 consecutive months. Glenn contends that the ALJ clearly erred in finding that he did not have a severe

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

impairment.  He argues that the ALJ should have gone beyond step two and should have addressed whether he could perform other gainful work activity.

The proper standard for evaluating the ALJ's decision is not that of clear error but of substantial evidence.  Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).  The ALJ applied the proper legal standard of Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985) in determining whether Glenn had a severe impairment, and the ALJ's decision is also supported by substantial evidence.  The objective medical evidence in the record demonstrated that Glenn's ability to perform basic work activities as defined in 20 C.F.R. § 404.1521(a) and (b) were affected by his back impairment for a period of less than twelve months.  The medical evidence shows that although Glenn had a back impairment, he responded to the treatment and suffered few if any limitations that affected his ability to work within a year of his surgery.  Medical impairments that reasonably can be remedied or controlled by medication or treatment are not disabling.  Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); see also Fraga v. Bowen, 810 F.2d 1296, 1303-04 (5th Cir. 1987) (After back surgery, claimant did not have neurological or other signs of pain sufficiently severe or long-lasting to be disabling within the meaning of the Act.); Adams v. Bowen, 833 F.2d 509, 511-12 (5th Cir. 1987) (claimant responded to treatment of back condition, and symptoms were not present continuously for a 12

month period).

The ALJ's adverse credibility assessment was based on proper considerations and is supported by substantial evidence. The ALJ properly concluded that any "mild discomfort" which Glenn might have would not interfere with his ability to perform basic work activities and that he did not have a severe impairment that lasted for 12 consecutive months. This finding is supported by substantial evidence from Glenn's treating physicians, the examining and reviewing physicians, and Glenn's own statements to his physician and physical therapist.

Glenn argues that the ALJ improperly failed to give controlling weight to Dr. Bahm's opinion that he was disabled. The ALJ explained his rejection of Dr. Bahm's opinion by specifically pointing out that Dr. Bahm's treatment notes contradicted his own opinion. The ALJ's conclusion that Dr. Bahm's opinion that Glenn was permanently disabled should not be given controlling weight is supported by substantial evidence. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

Glenn contends that the ALJ may reject the opinion of the treating physician only if he performs a detailed analysis under the criteria set forth in 20 C.F.R. § 404.1527(d). The ALJ specifically considered these factors. However, because there existed reliable medical evidence from an examining physician, Dr. Pieratt, controverting Dr. Bahm's assessment, the ALJ was not obligated to perform the detailed analysis set forth in 20 C.F.R.

§ 404.1527(d)(2)-(6).  See Newton v. Apfel, 209 F.3d 448, 453 (2000).

Glenn also contends that remand is required because the ALJ did not seek additional clarification from the treating physician after concluding that the treating physician's records were inconclusive or inadequate.  This requirement does not apply in this case.  First, the ALJ did not determine that the treating physician's records were inconclusive or inadequate; he found that Dr. Bahm's opinion was unsupported by objective clinical findings and contradicted by the evidence as a whole, including Dr. Bahm's own treatment notes.  Further, Dr. Pieratt's observations were based on his personal examination of Glenn.  The ALJ did not err by not seeking additional evidence or clarification.  See Newton, 209 F.3d at 453, 457-58.

The ALJ's decision was supported by substantial evidence, and there was no misapplication of the law.  Therefore, the decision of the Commissioner is AFFIRMED.