# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-30308
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2018

Lyle W. Cayce
Clerk

TERRENCE PAUL GUILLORY,

      Plaintiff - Appellant

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

      Defendant - Appellee

————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1721

————

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

      The district court dismissed with prejudice Terrence Guillory's appeal from the Appeals Council's decision denying him social security disability status. For the reasons given below, we reverse and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30308

The ALJ found that Guillory had severe impairments, including asthma, eczema, and anxiety/PTSD. The ALJ also found that Guillory was unable to perform his former work as a Navy seaman, National Guard gunner, Navy mess cook, road laborer, or flagger. It did find, however, that Guillory had "the residual functional capacity to perform sedentary work . . . that does not entail exposure to heat, odors, gases, fumes, or poorly ventilated areas." Guillory submitted a "vocational assessment" to the appeals board that was dated July 28, 2016 (3 days after the ALJ's decision). The Appeals Council held that this evidence was "about a later time" and did not "affect the decision about whether [he was] disabled beginning on or before July 25, 2016."

The magistrate judge disagreed with the Appeals Council's reasoning, but determined that the appeal should be denied. It found that the vocational assessment was based on the same records as the ALJ's decision, and "specifically discussed Guillory's ability to work in 2015." The Appeals Council had clearly erred when it held that the assessment did not concern Guillory's ability to work before July 25, 2016. Spurred by the Commissioner's briefing, the magistrate judge held, however, that the assessment should be disregarded because there was no evidence to establish the evaluator as "an expert in vocational rehabilitation" (for instance, there was no CV attached to the report). The magistrate judge disregarded the assessment under Federal Rule of Evidence 702. The district court held that the magistrate judge's report and recommendation was correct. On appeal, Guillory argues that the district court should have remanded this case in order for the new report to be considered. He does not respond to the district court's reasoning that Guillory failed to present evidence that the evaluator for his assessment was qualified.

"We review the Commissioner's denial of social security benefits 'only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate

2

the evidence.'" *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (citation omitted). The Appeals Council must "evaluate the entire record including new and material evidence" but is not required "to discuss the newly submitted evidence." *Id.* at 780 (citation omitted). We agree with the district court that the Appeals Council clearly erred when it held that the vocational assessment did not concern Guillory's ability to work before July 25, 2016. However, it is a fundamental rule of administrative law that "in dealing with a determination or judgment which an administrative agency alone is authorized to make, [a reviewing court] must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 1577 (1947); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87, 63 S. Ct. 454, 459 (1943); *Scott v. Shalala*, 30 F.3d 33, 35 (5th Cir. 1994).

The Commissioner's brief attacks the vocational expert's qualifications, but this argument was not the basis for the agency's decision. We must therefore **REVERSE** and **REMAND**, with instructions to remand to the Appeals Council for proceedings consistent herewith.