Jacqueline BRADLEY,
Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary, Department of Health and Human Services, Defendant-Appellee.

No. 86–2799
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1987.

---

* District Judge of the Northern District of Texas sitting by designation.

Anthony P. Griffin, Inc., Yvonne M. Williams, Galveston, Tex., for plaintiff-appellant.

Henry K. Oncken, U.S. Atty., Frank A. Conforti, James R. Gough, Asst. U.S. Attys., Houston, Tex., John M. Gough, Atty., Dallas, Tex., for defendant-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Jacqueline Bradley appeals from the district court's grant of summary judgment in favor of Otis R. Bowen, the Secretary of the Department of Health and Human Services ("the Secretary"), affirming the Secretary's denial of Bradley's application for Social Security disability benefits. Finding that the Secretary's determination is supported by substantial evidence, we affirm.

**I.**

Bradley filed an application for social security disability insurance benefits on October 11, 1983, claiming that she became disabled on June 26, 1983, due to a back injury that she sustained in 1978 while attempting to move a piece of furniture at work. Bradley's claim was denied initially on November 3, 1983, and on reconsideration on January 10, 1984. Bradley requested a hearing, and a hearing was held before an administrative law judge ("ALJ") on March 21, 1984.

Bradley testified at the hearing, and numerous medical reports were offered into evidence as exhibits. The medical evidence showed that Bradley had back surgery on June 5, 1978, which resulted in the removal of a herniated nucleus pulposus on her right side at level L4–L5. This surgery was performed by Dr. George W. Cox, an orthopedic surgeon. Bradley underwent a second surgery on her back on February 6, 1981, and a third on July 21, 1983. The second and third operations were also performed by Dr. Cox. Bradley was under Dr. Cox's care from May 1978 through January 1984.

Three medical opinions were offered on the issue of Bradley's disability. In a letter to an insurance company dated February 15, 1984, Dr. Cox, Bradley's treating physician, stated that although Bradley was presently disabled, she would hopefully be able to return to her previous work activity within three to six months. However, in a physical capacities evaluation dated April 5, 1984, Dr. Cox indicated that Bradley had no capacity for sitting, standing, or walking, could not lift or carry even objects weighing up to five pounds, and could not bend, squat, crawl, climb, or reach at all. In a letter to the Secretary dated August 13, 1984, Dr. Cox expressed the opinion that Bradley "has a very guarded prognosis as regards her ability to return to gainful work activity in the near future."

In contrast to the opinion of Dr. Cox, Dr. Frank L. Barnes, another orthopedic surgeon, who examined Bradley opined that Bradley was capable of sedentary or light work, and that Bradley could sit for two hours at a time up to eight hours a day, could stand up to one-half hour at a time, could walk for one hour at a time, could occasionally bend over, and could lift or carry up to five pounds and push or pull up to twenty pounds.

Another medical evaluation was provided by Dr. Brent E. Masel, a neurologist who examined Bradley at the request of Dr.

Cox. In a letter to Dr. Cox dated October 19, 1983, Dr. Masel stated that although Bradley was experiencing some pain, there was no evidence of muscle spasms and her strength appeared to be one hundred percent.

The evidence also showed that prior to leaving her job in June 1983, Bradley worked as an underwriter trainee. Prior to becoming an underwriter trainee, she worked as an assistant office manager, a machine operator, and a stenographer. Bradley's employment as an underwriter trainee was office work, and mostly involved sitting and reading, and required no lifting of objects of more than ten pounds. On August 31, 1984, the ALJ issued his decision denying Bradley's claim. In his decision, the ALJ found that Bradley retained the residual functional capacity to engage in her past occupation as an underwriter trainee. Bradley requested Appeals Council review, which was denied on November 27, 1984, making the ALJ's decision the final decision of the Secretary.

On January 30, 1985, Bradley sought judicial review of the Secretary's decision by filing this action in federal district court. The case was referred to a magistrate, and both parties moved for summary judgment. On August 26, 1986, the magistrate issued his Memorandum and Recommendation, finding that the Secretary's decision was supported by substantial evidence and recommending that the Secretary's motion for summary judgment be granted. On September 16, 1986, the district court adopted the Memorandum and Recommendation of the magistrate as the findings and conclusions of the district court, and granted the Secretary's motion for summary judgment. On September 29, 1986, Bradley filed a timely notice of appeal to this court.

On appeal, Bradley argues that the district court erred in failing to remand the case to the Appeals Council because of the ALJ's acceptance of the opinion of a non-treating physician over that of Bradley's treating physician. Bradley also argues that the ALJ's decision was not supported by substantial evidence. Finally, Bradley argues that this case should be remanded to the Appeals Council for further review in light of newly discovered evidence. This newly discovered evidence allegedly warranting remand is attached to Bradley's brief as an exhibit and consists of a letter dated October 27, 1986, written by Dr. E. Burke Evans, an orthopedic surgeon, to Bradley's insurance company. In that letter, Dr. Evans expresses the opinion that Bradley is totally disabled and the doubt that Bradley can be sufficiently rehabilitated to engage in office employment.

## II.

"To determine whether an individual is 'disabled' within the meaning of 42 U.S.C. § 423(d), a sequential process is used. If the claimant is found to be either disabled or not disabled at any point in the process no further review is necessary." *Herron v. Bowen*, 788 F.2d 1127, 1131 (5th Cir. 1986) (citation omitted). This sequential process is set out as follows:

The Secretary evaluates disability claims under the Social Security Act through a five-step process set forth in 20 C.F.R. § 404.1520 (1986): (1) Is the claimant currently working? (2) Can the impairment be classified as "non-severe"? (3) Does the impairment meet the duration requirement of 42 U.S.C. § 423(d)(1)(A) and is it listed, or medically equivalent to, an impairment in Appendix 1? (4) Can the claimant perform her past relevant work? and (5) Can the claimant perform any other gainful job?

*Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986) (citation omitted). In this case, the ALJ determined that Bradley was not working and had a severe impairment which was not listed in or medically equivalent to an impairment in Appendix 1. *See* 20 C.F.R. § 404.1520(d). Turning to Bradley's residual functional capacity, the ALJ found that she retained the functional capacity to engage in her past relevant employment as an underwriter trainee, and therefore concluded that she was not disabled within the meaning of the Social Security Act. We are

called upon to determine whether this finding is supported by substantial evidence.

Judicial review of decisions of the Secretary is limited by statute. *See* 42 U.S.C. § 405(g). With respect to factual matters, the substantial evidence standard governs our review. As we have stated:

> Our task is to determine whether there is substantial evidence in the record to support the decision of the Secretary. We do not reweigh the evidence or try the issues de novo. Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Deters v. Secretary of Health, Educ. & Welfare*, 789 F.2d 1181, 1185 (5th Cir.1986) (footnotes omitted). "Of course, no similar presumption of validity attaches to the Secretary's conclusions of law, including determinations of the proper standards to be applied in reviewing claims and the proper allocation of the burden of proof." *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. Unit A 1981); *see also Hampton v. Bowen*, 785 F.2d 1308, 1309 (5th Cir.1986) (appellate court will review whether the Secretary used proper legal standards); *Carter v. Heckler*, 712 F.2d 137, 140 (5th Cir.1983) (appellate court will review whether the Secretary has applied proper legal standards and conducted the proceedings consistently with the statute and regulations); *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir.1983) (appellate court will correct errors of law). With these principles in mind, we turn to our consideration of Bradley's arguments.

Turning to the record, we conclude that the ALJ's decision is supported by substantial evidence. It is clear that the medical opinion of Dr. Frank L. Barnes to the effect that Bradley was capable of performing office work, if credited, constitutes substantial evidence in support of the Secretary's determination that Bradley could perform her former relevant employment and therefore did not meet the requirements for social security disability benefits. Bradley argues, however, that it was error

for the Secretary to rely on the medical opinion of Dr. Barnes, a non-treating physician, when the opinion of Dr. Cox, Bradley's treating physician, supported a contrary finding of disability. "The law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (Former 5th Cir. Unit B 1981) (rejecting conclusory statement of treating physician in favor of conclusions of reviewing phsyician). In this case, Dr. Barnes actually examined Bradley, and was not simply a reviewing physician. If the ALJ could properly reject the conclusions of a treating physician in favor of a non-examining physician, as was approved in *Oldham*, certainly the ALJ is free to choose among the conclusions of two examining physicians, even though one is the claimant's treating physician. Hence, we conclude that the ALJ was free to reject Dr. Cox's conclusions in favor of those of Dr. Bradley, and that there was therefore substantial evidence in the record viewed as a whole to support the Secretary's determination.

Bradley also argues that this court should remand this case to the Secretary for further consideration in light of new evidence submitted by Bradley in the form of a letter attached to Bradley's brief to this court. This letter was written by Dr. E. Burke Evans, the chief of orthopedic surgery at the University of Texas Medical Branch at Galveston. Dr. Evans' letter was written to Bradley's insurance agency. The letter is dated October 27, 1986, and is based on a medical examination of Bradley on October 14, 1986. In the letter, Dr. Evans opines that Bradley is totally disabled and expresses the doubt that she can be sufficiently rehabilitated to be able to engage in office employment.

This court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and

that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." 28 U.S.C. § 405(g). Hence, in order to justify a remand, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding. *Dorsey v. Heckler*, 702 F.2d 597, 604 (5th Cir. 1983). In interpreting the materiality requirement, this court has held that "a remand to the Secretary is not justified if there is no reasonable possibility that it would have changed the outcome of the Secretary's determination." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981). Furthermore, "[i]mplicit in the materiality requirement ... 'is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985) (quoting *Szubak v. Secretary of Health & Human Serv.*, 745 F.2d 831, 833 (3d Cir. 1984)).

Applying these principles to the facts of this case convinces us that a remand is not justified. First, the evidence is cumulative, at best, in that it adds little, if anything, to the conclusions of Dr. Cox, and it is therefore unlikely that there is a reasonable possibility that it would have changed the outcome of the Secretary's determination. Second, Bradley does not attempt any showing of good cause, other than the fact that Dr. Evans' letter is of recent origin, for the failure to incorporate this evidence into the prior administrative record. Finally, Dr. Evans' letter indicates, at most, that Bradley was disabled in October 1986, more than three years after the alleged onset date of her disability, and therefore does not relate to the period for which disability benefits were sought. Hence, we decline to order a remand to the Secretary for the consideration of Dr. Evans' letter.

## III.

For the above reasons, the judgment of the district court affirming the decision of the Secretary is AFFIRMED.