**Bobby J. NICKERSON**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES.**

No. 9:94–CV–70.

United States District Court,
E.D. Texas,
Lufkin Division.

Aug. 3, 1995.

Guy M. Griffin, Lufkin, TX, for plaintiff.

Steven M. Mason, Asst. U.S. Atty., Beaumont, TX, for defendant.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S RE-PORT AND RECOMMENDATION

HEARTFIELD, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Secretary of Health and Human Services denying plaintiff disability benefits.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

Plaintiff, Bobby Nickerson, seeks judicial review of the final decision rendered by the Secretary of Health and Human Services ("Secretary") pursuant to 42 U.S.C. § 405(g), denying plaintiff disability benefits. The Administrative Law Judge ("ALJ") previously denied plaintiff's claims of disability, 42 U.S.C. § 416(i), and disability insurance benefits, 42 U.S.C. § 423.

This action was referred to a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for disposition of the case.

### I. Administrative Proceedings

Plaintiff filed his original application for Social Security benefits on May 1, 1991. (Tr. 104). The application alleged that plaintiff

was unable to work since July 31, 1990, due to chronic lower back pain. The issue presented to the ALJ was whether plaintiff was disabled from July 31, 1990 through December 31, 1990, the date of expiration for plaintiff's insured status. (Tr. 12).

The ALJ found plaintiff unable to demonstrate disability. Plaintiff failed to show he was disabled under step five of the evaluation process delineated in 20 C.F.R. §§ 404.1520, 416.920. The Appeals Council found no basis to consider a review of the ALJ's findings. Plaintiff then proceeded with a civil action for review of the decision.

In finding plaintiff not disabled, the ALJ determined that plaintiff could perform a significant number of sedentary jobs existing throughout the national economy. The ALJ discredited plaintiff's complaint of pain and found them to be exaggerated, after considering the objective medical findings. Plaintiff contends the Secretary's decision is not supported by substantial evidence and claims he now has additional objective medical evidence to support his complaints of pain.

## II. The Administrative Determination Process

■ The Secretary uses a five-step analysis to determine whether an applicant is able to perform "substantial gainful activity." *Villa v. Sullivan,* 895 F.2d 1019, 1022 (5th Cir.1990); 20 C.F.R. §§ 404.1520, 416.920 (1994).

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing work done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir.1991) (paraphrasing 20 C.F.R. §§ 404.1520(b)–(f), 416.920(b)–(f) (1988)).

The claimant has the burden of proving his disability with respect to the first four steps of the above analysis. *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). The burden shifts to the Secretary at step five to show that the claimant can perform other work in the national economy. *Id.* If the claimant is shown to be disabled or not disabled at any point in the analysis, the finding is conclusive and ends the five-step review. *Wren,* 925 F.2d at 125–26 (citing *Lovelace v. Bowen,* 813 F.2d 55, 58 (5th Cir.1987)); *Villa,* 895 F.2d at 1022 (citing *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir.1988)).

## III. Analysis

### A. Standard of Review

■ This court may review the Secretary's denial of disability benefits only to determine whether substantial evidence in the record supports the decision and whether the Secretary used proper legal standards in evaluating the evidence. *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir.1990). Substantial evidence consists of more than a scintilla but less than a preponderance of relevant evidence. *Richardson v. Perales,* 402 U.S. 389, 409, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971). Substantial evidence need only be such that a reasonable mind might accept the evidence as adequate to support a conclusion. *Villa,* 895 F.2d at 1021–22 (citing *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir.1983)). This court reviews the record as a whole to determine whether substantial evidence exists. *Singletary v. Bowen,* 798 F.2d 818, 822–823 (5th Cir.1986). However, the court may not reweigh or review the evidence *de novo.* *Pierre v. Sullivan,* 884 F.2d 799, 802 (5th Cir.1989). A finding of no substantial evidence may be supported only if *no* credible evidentiary choices or medical findings exist to support the Secretary's decision. *Johnson v. Bowen,* 864 F.2d 340, 343–344 (5th Cir.1988).

For purposes of Title II of the Social Security Act, a claimant is deemed "disabled" if he or she is unable to engage in any substantial gainful activity for twelve consecutive months due to a medically determinable impairment.[1] 42 U.S.C. § 423(d)(2)(A).

The claimant must demonstrate the physical or mental impairment through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). These impairments must be so severe that the claimant

> ... is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

### B. Discussion

The Secretary found that plaintiff was not disabled at step five of the sequential evaluation process. At this stage, the Secretary has the burden to show plaintiff's capability of performing other work in the national economy, considering plaintiff's age, education, work experience, and residual functional capacity. *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir.1990). The Secretary may apply the medical vocational guidelines in 20 C.F.R. section 404, subpt. P, App. 2.

■ There is substantial evidence to support the Secretary's decision. In this case, based on evaluations of plaintiff's medical claims and subjective complaints, the ALJ

found pain existed, but it could be classified as "mild to moderate." (Tr. 17). William Weber, a vocational expert, testified at the hearing that plaintiff could perform such work as a lock assembler, maintenance service dispatcher, and watch adjuster. (Tr. 18). The ALJ concluded plaintiff is not precluded from sedentary work[2] and is not disabled.

■ As the fact finder, the ALJ may determine credibility of the various medical reports and physician testimony. *Griego v. Sullivan,* 940 F.2d 942, 945 (5th Cir.1991); *Adams v. Bowen,* 833 F.2d 509, 512 (5th Cir.1987); *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir.1987). Any conflicts in the evidence are for the Secretary to resolve, not the court. *Selders,* 914 F.2d at 617 (citing *Patton v. Schweiker,* 697 F.2d 590, 592 (5th Cir.1983)).

■ The ALJ is entitled to considerable deference in determining whether pain is disabling. *Hollis v. Bowen,* 837 F.2d 1378, 1384–85 (5th Cir.1988). "Pain constitutes a disabling condition under the Social Security Act only when it is 'constant, unremitting, and wholly unresponsive to therapeutic treatment.'" *Selders,* 914 F.2d at 618–619 (citing *Harrell v. Bowen,* 862 F.2d 471, 480 (5th Cir.1988) (quoting *Hames,* 707 F.2d at 166)). The inability to work without some discomfort will not support a finding of disability. *Hollis,* 837 F.2d at 1385.

■ As in the present case, where medical evidence is inconclusive to establish disability, the ALJ makes credibility determinations on the extent and degree of subjective symptoms. *Floyd v. Bowen,* 833 F.2d 529, 533 (5th Cir.1987).[3] Clearly more than a scintilla

---

**1.** 42 U.S.C. § 423(d)(1)(A) defines disability as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

**2.** (a) Sedentary work.
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain

amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
20 C.F.R. §§ 404.1567, 416.967.

**3.** Failure to consider subjective evidence of pain is reversible error. *Owens v. Heckler,* 770 F.2d 1276, 1279 (5th Cir.1985). The ALJ must weigh the objective medical evidence and articulate reasons for discrediting a claimant's subjective complaints of pain. *Abshire v. Bowen,* 848 F.2d 638 (5th Cir.1988) (*citing Cook v. Heckler,* 750 F.2d 391, 395 (5th Cir.1985)). In this case, the

of evidence is available to show that sedentary employment appropriate to plaintiff's limitations existed in the national economy and that the plaintiff could perform such work. A reasonable mind might easily accept the evidence presented as adequate to support the ALJ's conclusion. *See Villa,* 895 F.2d at 1021–22. Additionally, nothing in the record indicates that the ALJ improperly weighed credibility of the testimony and evidence.

First, Dr. John C. Crenshaw, M.D., diagnosed plaintiff with chronic lumbosacral strain with marked pain. However, his evaluation was peppered with allegations that plaintiff's physical symptoms did not correspond with his complaints. He noted that in March of 1990, plaintiff was being dramatic in his complaints of pain and his rendition of his medical history was "vague." (Tr. 170). The doctor stated plaintiff walked "relatively easily" and kept his back muscles voluntarily contracted, which the ALJ interpreted as possible malingering. (Tr. 169). Plaintiff had difficulty describing the type and location of pain experienced. Plaintiff also saw a physician only once every six months, and was not hospitalized for any reason. (Tr. 168–70, 178–79). *Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir.1990) (lack of medical attention may be considered when evaluating credibility). As of March, 1990. plaintiff's medication for pain included the relatively mild Tylenol, ibuprofen, and Feldene. (Tr. 168). His medication for pain was not increased until well after the relevant period. (Tr. 63, 91).

These portions of the record indicate that *some* credible evidentiary choices or medical findings exist to support the Secretary's decision. It is not enough that a reviewing court may disagree with the ALJ's assessment. It is not enough that plaintiff's condition obviously has deteriorated since his 1990 evaluation by Dr. Crenshaw. In fact, in August of 1991, even Dr. Crenshaw noted plaintiff's pain was significant and conspicuous, and

ALJ cited specific reasons for the decision, among these were the comments of Dr. John Crenshaw, M.D., Veterans Administration Medical Center, Shreveport, Louisiana, who examined plaintiff prior to his application for disability benefits in an independent consultation. *See* Tr. 16.

plaintiff told him he felt his condition was getting worse. (Tr. 181). It is obvious that plaintiff has consistently articulated his complaints of pain, *see, e.g.,* Tr. 134, 161, and is so hampered by his condition that he does not participate in *any* kind of activity, even basic household chores or social events. (Tr. 65–66, 137). However, the judicial review of this case must be limited to the parameters discussed *supra* and as such, the Secretary's decision is supported.

■ Review of new evidence is limited to determining whether to remand the case to the Secretary for consideration of newly presented evidence. *Ellis v. Bowen,* 820 F.2d 682, 684 (5th Cir.1987). Under Title 42 U.S.C. § 405(g) which controls the scope of review, the case may be remanded to the Secretary "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Haywood v. Sullivan,* 888 F.2d 1463 (5th Cir.1989).

> Hence, in order to justify a remand, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding. *Dorsey v. Heckler,* 702 F.2d 597, 604 (5th Cir.1983). In interpreting the materiality requirement, this court has held that "a remand to the Secretary is not justified if there is no reasonable possibility that it would have changed the outcome of the Secretary's determination." *Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir.1981).

*Bradley v. Bowen,* 809 F.2d 1054, 1058 (5th Cir.1987).

Plaintiff's new evidence, for which he encourages a remand, is a discharge summary from William Overdyke, M.D., attending physician, dated January 24, 1994. Dr. Overdyke diagnosed plaintiff with "avascular necrosis of right hip." [4] Plaintiff underwent hip

4. The sum of morphological changes indicative of cell death and caused by progressive degradation of enzymes, due to deficient blood supply. DORLAND'S MEDICAL DICTIONARY 870 (26th ed. 1985).

replacement surgery in 1994 to correct or assist his condition. *See* Exhibit A, Plaintiff's Brief in Support of Plaintiff's Entitlement to Social Security Benefits. Plaintiff contends this bolsters his credibility regarding allegations of pain.

Plaintiff's submission of the new evidence does not meet the test warranting a remand. First, it is questionable whether this evidence is "new." While it does not appear to be listed within the submitted medical records, Dr. Overdyke notes plaintiff "has had a long history of avascular necrosis" and "has had difficulty ambulating for years." Exhibit A at 2. Such comments indicate plaintiff's ability to present evidence on this condition prior to the ALJ's hearing.

Additionally, the new evidence is not reasonably likely to have changed the Secretary's decision. Plaintiff contends avascular necrosis is painful, and this bolsters his allegations of pain. However, the ALJ did not find the absence of pain. Indeed, the ALJ found plaintiff suffered from pain. Given that, avascular necrosis is a progressive illness, the fact that plaintiff's condition degenerated to the extent surgery was required in 1994 is not significantly instructive as to plaintiff's condition in 1990.

### IV. Recommendation

The Secretary's decision should be affirmed.

### V. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985);

*Rodriguez v. Bowen,* 857 F.2d 275, 276–277 (5th Cir.1988).

SIGNED this 7th day of June, 1995.

### *FINAL JUDGMENT*

This action came on before the Court, Honorable Thad Heartfield, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that plaintiff take nothing, the decision of the Secretary of Health and Human Services is **AFFIRMED,** and this case is **DISMISSED.**