IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41394
Summary Calendar
_____


DAVID F. TAYLOR, JR.,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-15
--------------------
July 24, 2000

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    David F. Taylor, Jr., appeals the affirmance of the
Commissioner's denial of his application for disability insurance
benefits under 42 U.S.C. § 405.  He argues that (1) the
administrative law judge (ALJ) erred by rejecting the testimony
of his treating physician and one of his treating psychologists,
(2) the ALJ improperly allowed testimony from a biased medical
expert, (3) the ALJ improperly analyzed Taylor's credibility, and
(4) the ALJ improperly interpreted the testimony of the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

vocational expert. Although Taylor also sets forth as an issue that the ALJ improperly discredited the testimony of Dr. Kalra, he has failed to brief this issue and it is deemed abandoned. Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The ALJ may reject the opinion of any physician, including the treating doctors, if the evidence supports a contrary conclusion or is not adequately supported by the record as a whole. Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987); Spellman v. Shalala, 1 F.3d 357, 364-65 (5th Cir. 1993). Neither the testimony of Dr. Prapan nor Dr. Anderson was supported by the record as a whole, and the ALJ could properly reject their opinions. Taylor has failed to show that Dr. Smith's position as a consultant to the Social Security Administration was sufficient to create bias. The ALJ's explanation of his reasons for discrediting Taylor's subjective complaints was adequate and was supported by the record.

With respect to Taylor's argument that the ALJ improperly interpreted the testimony of the vocational expert at his benefits hearing, Taylor has not shown that he is entitled to relief. Taylor points to statements by the vocational expert that his opinion of Taylor's occupational base would change if the ALJ accepted the physical limitations found by his treating physician, Dr. Prapan. But the ALJ did not err in rejecting the view of Taylor's physical and mental limitations described by Dr. Prapan. In sum, the ALJ correctly applied the vocational expert's opinion to the version of the medical evidence he accepted.

Taylor has failed to show that the decision of the ALJ was not supported by substantial evidence or that the ALJ failed to use proper legal standards to evaluate the evidence.  The decision of the district court affirming the findings of the Commissioner is AFFIRMED.