IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10283
Summary Calendar
_____

CURTIS BARBEE,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CV-7-AH
--------------------
October 29, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Curtis Barbee appeals the district court's judgment for

the Commissioner in his action pursuant to 42 U.S.C. § 405(g) for

review of the administrative law judge's (ALJ) decision denying him

disability and supplemental security income benefits.  Barbee

argues that the ALJ's finding that his limitations did not prevent

him from performing his past relevant work is not supported by

substantial evidence and rests on legal error.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barbee argues that the ALJ erred in his assessment of residual functional capacity, specifically with respect to the weight accorded the various medical opinions. Barbee contends that the ALJ ignored the opinions of the state agency physicians and of Drs. Bradley, Nanjundasamy, and Morris as to Barbee's mental RFC, and the physical RFC assessments by Drs. Mitchell and Evans.

With regard to his mental abilities, Barbee points to an August 1992 report from psychologist Robert Bradley, in which Dr. Bradley stated that Barbee would have difficulty in any training program which required the use of academic abilities and "would probably have difficulty competing successfully in the job market." This Court has held that statements from medical professionals regarding vocational issues are not authoritative. See Loya v. Heckler, 707 F.2d 211, 214 (5th Cir. 1983).

Dr. Leon Morris noted that personality testing showed "an extreme tendency to fabricate or exaggerate symptoms of mental illness" and opined that Barbee was malingering in an attempt to obtain Social Security benefits. Dr. Morris determined that Barbee's ability to understand, remember and carry out complex job instructions was fair, that his ability to understand, remember and carry out detailed but not complex job instructions was good, and that his abilities for simple job instructions was very good. The ALJ's finding that Barbee could perform work which does not involve more than detailed to mildly complex job instructions is supported by substantial evidence.

Barbee's argument that the ALJ should have given the opinion of Dr. Bradley more weight is without merit; the ALJ was within his discretion to rely on Dr. Morris's report and conclusions. See Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987) (an ALJ may properly rely upon the opinion of an examining physician and is free to choose among the conclusions of examining physicians).

Barbee argues that the ALJ erred by not discussing the opinions of state agency physicians Dr. Gilliland and Hillman in violation of Social Security Ruling (SSR) 96-6p, which is binding on the ALJ. Barbee correctly notes that the ALJ did not specifically discuss the report of non-examining physician Dr. Gilliland in his decision. However, procedural perfection in administrative proceedings is not required, and a judgment should not be vacated unless the substantial rights of a party have been affected. See Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989). Procedural improprieties constitute a basis for remand only if such improprieties cast into doubt the existence of substantial evidence to support the ALJ's decision. Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988).

In the two district court cases cited by Barbee, the courts did not conduct an analysis of prejudice. In contrast, the district court in Pigram v. Barnhart, 2002 WL 187500 (N.D. Ill. Feb. 6, 2002) at * 7-8, applied a harmless error standard and determined that the failure to discuss the state agency physician's

report was harmless and that inclusion of the opinion would not have changed the final result.

The ALJ thoroughly discussed Barbee's alleged mental impairment in his decision and properly relied upon the more recent reports of physicians who actually examined him. Barbee's claim that discussing the report of Dr. Gilliland would have changed the outcome of the ALJ's assessment is contrary to precedent which favors opinions from examining physicians over that of non-examining physicians. See Newton v. Apfel, 209 F.3d 448, 456-57 (5th Cir. 2000) (cannot rely on opinion of non-examining physician over that of treating specialist); Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990) (ALJ may rely on a non-examining physician's assessment only where it does not contradict the examining physician); 20 C.F.R. § 404.1527(d)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.").

Barbee has not demonstrated any harm resulting from the lack of a specific discussion of the non-examining state agency physician's report in the ALJ's decision. The ALJ relied upon a report of an examining physician, which is entitled to more evidentiary weight than Dr. Gilliland's as a matter of law. See Social Security Ruling 96-6p (the opinions of state agency consultants are given weight only insofar as their opinions remain supportable in light of evidence which was not before the state agency).

With regard to his physical limitations, Barbee argues that the ALJ erred by not crediting the physical limitations assessed by Dr. Mitchell and Dr. Evans. Barbee argues that the ALJ's decision does not mention or discuss either of these assessments, neither of which supports the ALJ's physical RFC finding of ability to perform medium work. Barbee asserts that there are no contradicting assessments from examining sources, and that the ALJ's physical RFC finding is unsupported by substantial evidence.

Dr. Mitchell completed a functional assessment on July 30, 1992, in which he determined that Barbee could not lift 50 pounds. Dr. Mitchell referred Barbee to Dr. Lim for further neurologic evaluation. The ALJ noted that Dr. Lim's examination of Barbee showed normal motor strength, normal reflexes, no sensory disturbance, normal straight leg raising, and normal gait. Barbee was evaluated again for back pain in July 1993 by Dr. Caras, which examination the ALJ discussed. Barbee showed a slight degree of tenderness in his lower lumbar spine and a slight decrease in his range of motion in his spine. X-rays of the lumber spine were normal, and Dr. Caras stated his impressions as "[b]ack pain of undetermined etiology with minimal neurological findings." Dr. Caras' interpretation was that Barbee had "subjective complaints that are out of proportion to his objective findings. It is possible that he may have some disc involvement but further more detailed neurological studies would be necessary to determine

this." There is no evidence in the record of such further testing being conducted.

In August 1997, Dr. Evans noted that Barbee's cervical spine films and right shoulder films were normal, and his lumber spine films showed some mild degenerative changes but were otherwise normal. Dr. Evans completed a medical assessment of Barbee's ability to do work-related activities, and determined that his ability to lift was impaired, based on the medical finding that "Pain when lifting reported." His ability to stand and walk was also impaired based on "Pain when standing and walking. Back and right leg pain." Sitting was not affected. Dr. Evans made the assessment that Barbee could never climb, balance, stoop, crouch, kneel, or crawl, based on the medical findings that it would "Require too many movements and position changes."

It is true that the ALJ did not discuss Dr. Mitchell's and Dr. Evans' functional assessments. The ALJ did discuss all of the medical findings relating to Barbee's alleged physical limitations. Dr. Mitchell cited no particular medical findings in support of his assessment that Barbee could not lift 50 pounds. To the extent that the ALJ erred by not considering Dr. Mitchell's functional assessment report, the error does not affect Barbee's substantial rights, because Dr. Mitchell's functional assessment is not supported by the objective medical evidence provided in the two contemporaneous examination reports of Dr. Lim and Dr. Caras which the ALJ properly relied upon.

With regard to the August 1997 report of Dr. Evans, the language of the report itself shows that the limitations noted were not based upon objective medical findings, but rather on Barbee's own complaints of pain. The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987). The ALJ may give no weight to the physician's opinion if it is not supported by the objective medical evidence. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). The ALJ's omission of discussion of Dr. Evans' functional assessment does not cast into doubt the existence of substantial evidence and thus did not affect Barbee's substantial rights.

None of Barbee's arguments demonstrate that the Commissioners's decision is not supported by substantial evidence.

**AFFIRMED.**