IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30403
Summary Calendar
_____

CHARLES WILLRIDGE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-95
--------------------
November 21, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Charles Willridge appeals from the district court's judgment
affirming the decision of the Commissioner of Social Security
denying his disability benefits claim under 42 U.S.C. § 405(g).
In reviewing the Commissioner's decision to deny disability
benefits, this court must determine whether there is substantial
evidence in the record to support it and whether the proper legal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standards were used in evaluating the evidence. Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994).

Willridge first avers that the administrative law judge (ALJ) applied an incorrect legal standard to determine whether his nonexertional impairments, major depression, illiteracy, and borderline intellectual functioning, were severe and improperly rejected his consultative examiner's opinion that his rehabilitation potential was severely limited due to his mental impairments.

Willridge did not argue in the district court that the ALJ failed to apply the correct legal standard in determining whether his mental impairments were severe, and he has failed to show exceptional circumstances to warrant review by this court. See Kinash v. Callahan, 129 F.3d 736, 739 n.10 (5th Cir. 1997).

The ALJ properly rejected the consultative examiner's opinion of disability because it was inconsistent with the examiner's own clinical findings as well as other objective medical evidence in the record. See Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987). The evidence showed that Willridge had never received treatment for his mental impairments and that no doctor ever opined that his alleged mental impairments were disabling. See Vaughan v. Shalala, 58 F.3d 129, 132 (5th Cir. 1995). Moreover, Willridge's ability to effectively communicate, work for years with below-average intelligence, and perform the

activities of normal daily life weigh against his allegations that he suffered disabling mental impairments.

Willridge avers that the ALJ erred in relying on the medical vocational guidelines to determine that he was capable of performing medium work. As discussed above, the ALJ properly determined that Willridge's allegations of significant impairment due to his nonexertional mental impairments were not credible to the extent alleged and, as such, did not significantly affect Willridge's ability to perform medium work. Thus, the ALJ was entitled to rely exclusively on the medical vocational guidelines in finding no disability. Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990).

Willridge, relying on Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002), argues that the case should be remanded because the ALJ failed to make any finding that he is able to maintain employment. Watson does not dictate a remand under the circumstances of the instant case as Willridge presented no evidence indicating that he could not work on a sustained basis.

Because Willridge has failed to show that the Commissioner's decision was not based on the proper legal standards or that it was not supported by substantial evidence, the decision of the district court affirming the denial of benefits is AFFIRMED.