Tommie E. **WHEAT**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security**

No. CIV.A.03–256–C–1.

United States District Court, M.D. Louisiana.

May 18, 2004.

Rodney Nicholas Erdey, Denham Springs, LA, for Plaintiff.

John Joseph Gaupp, United States Attorney's Office, Baton Rouge, LA, for Defendant.

### RULING ON SOCIAL SECURITY APPEAL

RIEDLINGER, United States Magistrate Judge.

Plaintiff Tommie E. Wheat brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability and supplemental security income (SSI) benefits. This matter is before the court on the plaintiff's petition for judicial review and appeal of the final administrative decision of the Commissioner.

### Standard of Review

■ Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision follows the relevant legal standards. *Brock v. Chater,* 84 F.3d 726, 728 (5th Cir.1996); *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir.1993). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971); *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir.1995). No similar deference attaches to the Commissioner's conclusions of law, including the proper standards to be applied in reviewing claims. *See, Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir.1987). If the Commissioner fails to apply the correct legal standards or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Western v. Harris,* 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).

■ Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Carey v. Apfel,* 230 F.3d 131, 135 (5th Cir.2000). However, this standard of review is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir.1985). In applying the substantial evidence standard the court must review the entire record as a whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir.2000). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*

 The regulations require the ALJ to apply a five step sequential evaluation to each claim for disability and SSI benefits. 20 C.F.R. §§ 404.1520 and 416.920. The burden of proving disability rests upon the claimant through the first four steps. If the claimant shows at step four that he is no longer capable of performing his past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir.2001). If the Commissioner meets this burden the claimant must then show that he cannot in fact perform the work suggested. *Boyd v. Apfel,* 239 F.3d 698, 705 (5th Cir.2001). A finding that a claimant is disabled or not disabled at any point in the five step process is conclusive and terminates the Commissioner's analysis. *Id.*[1]

In 1996 Congress amended the Social Security laws related to alcoholism and drug addiction. The effective date of the amendments was March 29, 1996. *Brown v. Apfel,* 192 F.3d 492 (5th Cir.1999); *Adams v. Apfel,* 149 F.3d 844, 846 (8th Cir.1998). Under the new legislation and regulations, alcohol or drug addiction might preclude a finding of disability. 42 U.S.C. §§ 423(d)(2)(C) and 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535(a) and 416.935(a); *Brown,* 192 F.3d at 497–499. The regulations mandate consideration of whether these addictions are contributing factors material to the determination of disability only after the ALJ finds the claimant disabled at step five. *Id.* The key factor is whether the claimant would still be found disabled if he stopped using drugs or alcohol.[2] The claimant has the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability. *Brown,* 192 F.3d at 498.

### Background

Plaintiff was 41 years old at the time of the ALJ's decision,[3] and had attended school through the tenth grade.[4] AR pp. 34, 71, 82, 100, 109. Plaintiff's past relevant work consisted of employment as a construction welder. AR pp. 35–36, 77, 89–92. Plaintiff filed applications for SSI and disability benefits in May 2001 claiming that he has been disabled since April 2001 due to severe mental impairments—bipolar disorder and problems with concentration, trembling and temper. AR pp. 71–76, 103, 200–01. Plaintiff did not allege that he suffered from any physical impairments. After his applications for benefits were denied, the plaintiff filed a request for a hearing before an administrative law judge (ALJ). AR pp. 19–21, 49–60, 202.

The ALJ held a hearing on April 29, 2002 and issued a decision on October 2, 2002 in which he concluded that the plaintiff had a combination of severe mental impairments—bipolar disorder versus personality disorder, NOS, substance abuse and dysthymic disorder.[5] AR pp. 11, 17.

---

1. The scope of judicial review of a decision denying SSI benefits is identical to that of a decision denying social security disability benefits. *See, Harrell v. Bowen,* 862 F.2d 471, 475 n. 4 (5th Cir.1988).

2. *Brown,* 192 F.3d at 499; 20 C.F.R. §§ 404.1535(b)(1)-(2)(i) & (ii) and 416.935(b)(1)-(2)(i) & (ii).

3. Under the regulations, an individual 41 years of age is considered a younger person. 20 C.F.R. §§ 404.1563(c) and 416.963(c).

4. Under the regulations, the plaintiff's educational level was classified as limited. 20 C.F.R. §§ 404.1564(b)(3) and 416.964(b)(3).

5. This finding is consistent with the fact that the physicians who treated and examined the plaintiff, both questioned the diagnosis of bipolar disorder. AR pp. 152, 194–95.

The ALJ found that the plaintiff did not have any listed impairments, but at the fourth and fifth steps determined that the plaintiff's conditions prevented him from returning to his past work as a welder, as well as performing any other work in the national economy. As required under the new legislation, the ALJ proceeded to address whether the plaintiff's alcohol abuse was a contributing factor material to the determination of disability.[6] The ALJ also considered the plaintiff's compliance with prescribed treatment.[7] The ALJ found that if the plaintiff fully complied with prescribed medication and treatment and abstained from alcohol, he would be able to perform his past work and a significant number of other jobs existing in the national economy.[8] Therefore, the plaintiff was not disabled within the meaning of the Social Security Act. AR pp. 10–18, 28–48. The Appeals Council upheld the ALJ's decision and denied the plaintiff's request for review. AR pp. 4–6.

### Analysis

Plaintiff asserted that the evidence of record does not support the ALJ's conclusion that his alcohol abuse is material to his inability to work. Plaintiff maintained that none of the doctors who treated or examined him based their opinions of his mental condition on his consumption of alcohol. Plaintiff asserted that there is no medical evidence to support the determination that if he stopped using alcohol, his bipolar disorder would disappear or improve. Plaintiff also claimed that the ALJ erred by disregarding and discounting the opinions of his treating physicians and the report of Dr. Larry Wade. Plaintiff did not address the ALJ's additional finding that he would not be disabled if he followed the medication regimen prescribed by his treating psychiatrist and counselors.

A review of the administrative record as a whole shows that the ALJ properly evaluated the plaintiff's claims and that substantial evidence supports the ALJ's findings.

The record showed that the plaintiff had no physical impairments or exertional limitations which prevented him from performing work-related activities. Thus, substantial evidence supported the ALJ's conclusion that the plaintiff had the residual functional capacity to perform a full range of heavy work. AR p. 17. However, as evidenced by the treatment records from Rosenblum Mental Health Center, the plaintiff's mental impairments, including ongoing alcohol abuse and failure to take his medication, resulted in limitations in the plaintiff's ability to maintain attention, concentration and a consistent pace for extended periods, and complete a normal work day or week without interruption from psychologically based symptoms. Based on these findings the ALJ concluded that the plaintiff would be unable to perform his past relevant work as a welder, or any other work because of the inability to perform sustained mental work-related activities. AR pp. 14, 15, 17.

■ Because the ALJ found that the plaintiff was disabled and had a substance abuse disorder, the ALJ was required to address whether the plaintiff's alcohol abuse was a contributing factor material to the determination of disability. In other

---

**6.** 20 C.F.R. §§ 404.1535 and 416.935.

**7.** 20 C.F.R. §§ 404.1530 and 416.930.

**8.** The ALJ found that if the plaintiff followed prescribed treatment and abstained from alcohol, any remaining nonexertional limita-

tions would not significantly erode the occupational base for heavy work set forth in Rule 204.00. 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 2. Therefore, under this medical-vocational guideline the plaintiff would be able to perform a significant number of other jobs in the national economy. AR pp. 16–18.

words, would the plaintiff still be disabled if he stopped using alcohol.

■ Under the Fifth Circuit decision in *Brown* the plaintiff has the burden of proving that alcohol abuse is not a contributing factor material to his disability. Contrary to the plaintiff's assertions, the treatment records from Rosenblum Mental Health and the evaluation of Dr. Larry Wade do not support such a conclusion, and in fact provide substantial evidence to support the ALJ's findings.

■ The record contained treatment notes from the mental health center covering the period from February 2001 through February 2002. AR pp. 139–159, 177–189.[9] The notes from February 2002 showed that the plaintiff had resumed drinking and was reporting an increase in his symptoms. During the course of the plaintiff's treatment, none of his treating sources assessed his mental residual functional capacity to perform work-related activities. Only a letter was issued and signed by staff psychiatrist Dr. Peter B. Crapanzano, M.D. and two social workers shortly after the plaintiff began treatment.[10] The letter dated April 2, 2001 set forth the plaintiff's diagnosis at that time as bipolar I disorder, most recent episode mixed, and alcohol dependence, in remission. AR p. 159. It included the following statement regarding the plaintiff's ability to work: "Because of his current condition, it is doubtful that Mr. Wheat could be

gainfully employed at this time. It is hoped that he will improve to the point of returning to work in the near future, perhaps within the next month." These statements are equivocal at best, unsupported by any objective tests or findings, and clearly do not support the determination that the plaintiff is disabled without regard to alcohol abuse. Thus, it was not error for the ALJ to discredit these statements, or find that they did not support a conclusion that the plaintiff was disabled by his mental impairments regardless of his alcohol use.[11]

On June 5, 2002 Dr. Wade conducted a psychiatric evaluation of the plaintiff. Dr. Wade noted the plaintiff's statements that he was referred to Alcoholics Anonymous and had two previous DWI citations. He also noted that the plaintiff denied any alcohol problems, but stated that there may be some substance abuse beyond what the plaintiff was willing to acknowledge. Nevertheless, in his Axis I diagnosis, Dr. Wade indicated substance abuse, by history. Dr. Wade concluded that the plaintiff had no restriction of daily activities, or deterioration of personal habits/hygiene, minimal to mild constriction of interests, and was only mildly impaired in his ability to relate with others and ability to make vocational adjustments. AR p. 194. Therefore, contrary to the plaintiff's assertions, Dr. Wade's report does not support the conclusion that the plaintiff's mental impairments, without regard to alcohol use, prevent him from engaging in substantial gainful activity.[12]

---

9. There were no treatment notes from Rosenblum that were dated after February 2002.

10. The letter was also signed by staff social worker Judy Robison, and acting clinical manager Tom Smith. AR p. 159.

11. Under the regulations, statements by treating doctors that a claimant is disabled or unable to work are not medical opinions. As opinions on issues reserved to the Commissioner, they are not given any special significance. 20 C.F.R. §§ 404.1527(e)(1)-(3) and

416.927(e)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir.2003). Moreover, opinions and statements by doctors, including those of a treating physician, may be disregarded or given little weight when they are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by evidence. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir.1995).

12. Plaintiff reported a history of two suicide attempts, which occurred during the time pe-

██ The ALJ found that the plaintiff would not be disabled if he stopped using alcohol and complied with prescribed treatment. Plaintiff did not dispute the compliance aspect of the ALJ's finding. Under the regulations, in order to receive benefits a claimant must follow prescribed treatment if it can restore his ability to work. A claimant who does not follow prescribed treatment without a good reason will not be found disabled. 20 C.F.R. §§ 404.1530(a),(b) and 416.930(a),(b).[13] The ALJ noted evidence in Dr. Wade's report and the records from the mental health center which showed that the plaintiff was not taking the medications prescribed for his mental impairments. AR pp. 181, 186–87, 191, 194. This evidence is sufficient to support the ALJ's conclusion.

Finally, a letter dated January 3, 2003 was attached to the plaintiff's complaint.[14] It is well-established that in cases brought under § 405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. 42 U.S.C. § 405(g); *Lovett v. Schweiker*, 667 F.2d 1,2 (5th Cir.1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir.1985). When such evidence is submitted by a party, the court considers the evidence only to determine whether remand is appropriate under sentence six of § 405(g). The second clause of sentence six of § 405(g) provides that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

██ Under established Fifth Circuit jurisprudence, in order to justify such a remand, the evidence must be (1)new,[15] (2)material, and (3) good cause must be shown for the failure to incorporate the new evidence into the record of the administrative proceeding. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir.1994); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir.1989). Implicit in the materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later acquired disability, or the subsequent deterioration of a previously nondisabling condition. *Haywood v. Sullivan*, 888 F.2d 1463, 1471–72 (5th Cir.1989); *Bradley*, 809 F.2d at 1057. For new evidence to be material there also must exist the reasonable possibility that it would have changed the outcome of the Commissioner's determination. *Latham*, 36 F.3d at 483.

Assuming that this document constitutes new evidence, the plaintiff has not argued or demonstrated that there is a reasonable possibility that this information would have changed the outcome of the Commissioner's determination. Nor has the plaintiff established good cause for failing to incorporate this evidence into the record during the administrative proceedings.[16]

---

riod 1996–1998. AR pp. 40, 41, 144, 154, 180, 190–91. However, these attempts were not documented by any medical reports contained in the record.

13. *See, Johnson v. Sullivan*, 894 F.2d 683, 685 (5th Cir.1990).

14. Plaintiff's complaint, ¶ X, exhibit A.

15. Evidence is not new if it is merely cumulative of what is already in the record. *Pierre*, 884 F.2d at 803.

16. The letter is dated January 3, 2003. The Appeals Council denied the plaintiff's request for review on January 29, 2003. The record does not indicate any attempt to submit this evidence to the Appeals Council.

Accordingly, under sentence four of 42 U.S.C. § 405(g), the final determination of the Commissioner of Social Security Jo Anne B. Barnhart, denying the application of Tommie E. Wheat for disability and supplemental security income benefits is affirmed, and this action is dismissed.