United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-30386
Summary Calendar

ETHELENE HUNT

     Plaintiff-Appellant

v.

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY

     Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-2346

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

     Ethelene Hunt (Hunt) applied to the Social Security Administration for disability insurance

benefits under sections 216(i) and 223 of Title II of the Social Security Act. Her application was

denied. Hunt then requested and received a hearing before an Administrative Law Judge (ALJ). The

ALJ determined that Hunt was not disabled within the meaning of the Social Security Act at any time

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

before December 31, 2001, the date her disability insured status[1] expired. Hunt appealed the ALJ's decision to the Social Security Administration Appeals Council. The Appeals Council denied Hunt's request for benefits and held that the ALJ's decision was the final decision of the Commissioner of Social Security (Commissioner).

Hunt filed suit in district court seeking review of the final administrative decision denying her disability claim. Hunt also filed a motion to remand the case to the ALJ, arguing that her medical condition had worsened since the hearing and new medical evidence should be considered by the ALJ. A federal magistrate judge recommended that (1) Hunt's appeal be denied and dismissed with prejudice and (2) Hunt's motion to remand be denied. The district judge adopted the magistrate judge's recommendation. Hunt appeals the district court's judgment affirming the Commissioner's decision to deny her application for disability benefits and motion to remand.

We review the Commissioner's decision to deny benefits to determine whether that decision is supported by substantial evidence and whether the proper legal standards are applied.[2] "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[3] This court must affirm the Commissioner's determination unless this court finds that 1) the ALJ applied an incorrect legal standard, or 2) that the ALJ's determination is not

_____

[1]Title II of the Social Security Act provides disability insurance for individuals whose employment is interrupted or prematurely terminated by incapacitating illness or injury. Claimants hold insured status over that period in which they accrued 20 quarters of social security coverage, as defined in 42 U.S.C. § 413, out of the last 40 quarters. 42 U.S.C. § 423(c)(1). Hunt meets the disability insurance benefits requirements and is insured for disability benefits through December 31, 2001.

[2]*Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

[3]*Id.*

supported by substantial evidence.[4] Hunt only asserts that the decision is not supported by substantial evidence. We affirm the ALJ's decision denying Hunt's claim for disability insurance benefits for the following reasons:

1.  There is substantial evidence supporting the ALJ's conclusion that Hunt was not disabled due to depression (under Listing 12.04 of 20 C.F.R. Pt. 404, Subpart P, App. 1) on or before December 31, 2001, the date her disability insured status expired. Hunt's claim of depression was not supported by any specialized mental health care diagnosis or treatment. Additionally, Dr. William Bergmann, a psychologist, expressly stated in a July 2001 residual functional capacity assessment that Hunt's mental status would not prevent her from successfully adapting to work.[3]

2.  There is substantial evidence supporting the ALJ's determination that Hunt was not disabled due to a combination of impairments. The ALJ properly considered the disabling effect of each of Hunt's alleged impairments as well as the combined effect of such impairments in making the non-disability determination. Dr. Robert Po, a physician who conducted an orthopaedic examination of Hunt in February 2001, concluded that she was able to: 1) occasionally lift twenty-five pounds and frequently carry and lift ten pounds; 2) sit two hours continuously up to six hours in a workday; and 3) stand and walk fifteen minutes continuously up to four hours in a workday. A vocational expert testified that despite Hunt's impairments, she was capable of making a successful adjustment to work that exists in significant numbers in the

---

[4]*Id.*

[3]*See* 20 C.F.R. § 404.1520 (g)(1) ("If you can make an adjustment to other work, we will find you not disabled.").

3

national economy.[4]

3.     There is substantial evidence supporting the ALJ's conclusion that Hunt could perform light and sedentary level jobs. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, small tools . . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."[6] The ALJ concluded that Hunt was capable of performing light and sedentary work, consisting of lifting and carrying twenty pounds occasionally and ten pounds frequently, standing and walking fifteen minutes at a time up to four hours in a workday, and sitting for six hours in a workday. The ALJ's conclusion was in accord with Dr. Robert Po's opinion that Hunt was capable of doing such work.

We also affirm the district court's denial of Hunt's motion to remand. "[T]o justify a remand [based on new evidence], the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding."[7] "It is 'implicit in the materiality requirement' that 'the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the

---

[4]*See Id.*

[5]20 C.F.R. § 416.967(b).

[6]*Id.* § 416.967(a).

[7]*Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987).

subsequent deterioration of the previously non-disabling condition.'"[8]  Hunt's disability insured status expired on December 31, 2001.  Consequently, to prove that she is entitled to disability benefits, Hunt must prove that she was disabled on or before December 31, 2001.[9]  The medical reports that Hunt seeks to have the ALJ review on remand, however, relate to Hunt's condition after December 31, 2001.  Because the evidence does not pertain to the time period for which benefits were denied, the evidence fails to meet the materiality requirement for remand.  Therefore, the district court did not err in denying Hunt's motion to remand.

AFFIRMED

---

[8]*Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989) (quoting *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985) (quoting *Szubak v. Secretary of Health and Human Serv.*, 745 F.2d F.2d 831, 833 (3rd Cir. 1984))).

[9]*See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) ("[T]o prove that she is entitled to disability benefits, Anthony must not only prove that she is disabled, but that she became disabled prior to the expiration of her insured status.").